HALL GRIFFIN LLP
HOWARD D. HALL, State Bar No. 145024
  *hdhall@hallgriffin.com*
GEORGE L. HAMPTON IV, State Bar No. 144433
  *ghampton@hallgriffin.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Plaintiffs LOS ANGELES TURF CLUB, INCORPORATED and PACIFIC RACING ASSOCIATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES TURF CLUB, INCORPORATED, a California Corporation; PACIFIC RACING ASSOCIATION, a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>US RACING, an entity of unknown form, BUSR, an entity of unknown form, and ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE. LIEN OR INTEREST IN THE WEBSITES WWW.USRACING.COM AND WWW.BUSR.AG<br><br>Defendants, | CASE NO. 2:21-cv-8303<br><br>**COMPLAINT FOR:**<br><br>**(1) Violation of the *Interstate Horseracing Act*, 15 U.S.C. §§ 3001–3007;**<br>**(2) Violation of the *Racketeering Influenced and Corrupt Organizations Act*, 18 U.S.C. §§ 1962(c), 1964(c);**<br>**(3) Violation of California Penal Code § 496;**<br>**(4) Violation of California *Business & Professions Code* §§ 17200, et seq.; and**<br>**(5) Unjust Enrichment**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Los Angeles Turf Club, Incorporated and Pacific Racing Association (collectively "Plaintiffs") allege as follows:

## SUMMARY OF CLAIMS

1. Defendants US Racing and BUSR actively promote and market illegal on-line betting on horse races. Although US Racing does not accept wagers directly, US Racing markets for, and directly refers individuals through the use of hyperlinks to BUSR for the purpose of placing wagers on horse races occurring on horse race tracks throughout the United States, including horse race tracks operated by Plaintiffs in California. Because neither US Racing nor BUSR is licensed or otherwise authorized to accept wagers on horse races in California, all wagers placed on the BUSR website for horse races occurring in California are illegal. BUSR also accepts illegal wagers from California residents on horse races occurring outside California. By accepting illegal wagers, US Racing and BUSR are actively violating California horse racing laws and depriving Plaintiffs of valuable host fees, and/or commissions. US Racing and BUSR also avoid paying statutorily mandated percentages of all wagers placed on horse races taking place in California (and wagers by California residents on horse races taking place outside of California) to various agencies of the State of California including, taxing authorities, the Center of Equine Health, the California Animal Health and Food Safety Laboratory, and the School of Veterinary Medicine, UC Davis. By failing to pay such statutory percentages, host fees and/or commissions, US Racing and BUSR are able to offer rebates and other financial incentives to individuals placing wagers on the BUSR website, thereby unfairly competing with Plaintiffs.

## JURISDICTION AND VENUE

2. This Court has original federal jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because the claims herein arise under federal law, including the *Interstate Horseracing Act*, 18 U.S.C. § 1965 and the *Racketeering Influenced and Corrupt Organizations Act*, 15 U.S.C. § 3007.

3. This Court has supplemental jurisdiction over the subject matter of this

action under 28 U.S.C. § 1367.

4. Venue is proper in this judicial venue pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this District such that the defendants, in engaging in the acts complained of in this complaint, could reasonably expect to be brought into court in California.

## THE PARTIES

5. Plaintiff Los Angeles Turf Club, Incorporated ("LATC") is, and at all times mentioned herein, was a corporation, organized and existing under the laws of the State of California with its principal place of business in Los Angeles County, California. Plaintiff LATC operates horse racing meets at Santa Anita Park race track in Los Angeles, County.

6. Plaintiff Pacific Racing Association ("PRA") is and at all times mentioned herein, was a corporation, organized and existing under the laws of the State of California with its principal place of business in Alameda County, California. Plaintiff PRA operates horse racing meets at Golden Gate Fields race track in Alameda County, California

7. Defendant BUSR is an entity of unknown form and at all relevant times stated herein owns, controls, and operates the internet website www.busr.ag.

8. Defendant US Racing is an entity of unknown form and at all relevant times stated herein owns, controls, and operates the internet website www.usracing.com.

9. Plaintiff does not know the true names of defendants "All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the websites www.usracing.com and www.busr.ag" and therefore sues them by those fictitious names. Plaintiff will seek leave to amend the complaint to add these additional defendants pursuant to Rule 15 of the *Federal Rules of Civil Procedure* once the identities of these defendants have been ascertained.

3
COMPLAINT

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Regulation of the Horse Racing Industry

10. Horse racing is a highly regulated industry in the United States on both the federal and state level.

11. The Federal Wire Act, 18 U.S.C. §1084, prohibits the transmission of of wagering information across state lines:

> Whoever being engaged in the business of betting or wagering knowingly uses a wire communication facility for the transmission in interstate or foreign commerce of bets or wagers or information assisting in the placing of bets or wagers on any sporting event or contest, or for the transmission of wire communication which entitles the recipient to receive money or credit as a result of bets or wagers, or for information assisting in the placing of bets or wagers, shall be fined under this title or imprisoned not more than two years, or both.

12. The Interstate Horseracing Act of 1978 (15 U.S.C. § 3001 et seq.)(the "IHA"), creates an exception to the prohibition of the Wire Act for wagering on horse racing, but limits that exception to wagering that is in strict compliance with the IHA: "No person may accept an interstate off-track wager except as provided in this Act." 15 U.S.C. § 3003.

13. The IHA defines an "interstate off-track wager" as:

> … a legal wager placed or accepted in one State with respect to the outcome of a horserace taking place in another State and includes pari-mutuel wagers, where lawful in each State involved, placed or transmitted by an individual in one State via telephone or other electronic media and accepted by an off-track betting system in the same or another State, as well as the combination of an pari-mutuel wagering pool …

15 U.S.C. §3002(3).

14. In order to accept an interstate off-track wager on horse racing, Section 3004 of the IHA further requires the consent of: (1) the host racing association (and its respective horsemen's group), (2) the host racing commission, and (3) the off-track racing commission. 15 U.S.C. § 3004. Plaintiffs grant consent under the IHA only to operators who agree to pay Plaintiffs compensation for accepting interstate off-track

wagers on horse races conducted by Plaintiffs.

15. Parimutuel wagering on horse racing was legalized in California in 1933, and has been specifically exempted from California Penal Code §337a, which criminalizes bookmaking. As set forth in California Business & Professions Code §19411:

> Parimutuel wagering is a form of wagering in which bettors either purchase tickets of various denomination, or issue wagering instructions leading to the placement of wagers, on the outcome of one or more horse races. The association distributes the total wagers comprising each pool, less the amounts retained for purposes specified in this chapter, to winning bettors based on the official race results.

16. The California Horse Racing Board ("CHRB") was established in 1933 as an independent agency of the State of California and is responsible for regulating horse racing and parimutuel betting at licensed California race tracks. Among other responsibilities, the CHRB is also responsible for licensing advance deposit wagering providers ("ADW provider").

17. An "ADW provider" is defined as a licensee, betting system, or multi-jurisdictional wagering hub, located within California or outside this state, that is authorized to conduct advance deposit wagering. Id. at 19604 (a)(2).

18. Pursuant to California law, "Advance Deposit Wagering ("ADW") means a form of parimutuel wagering in which a person residing within California or outside of [California] establishes an account with an ADW provider, and subsequently issues wagering instructions concerning funds in this account, thereby authorizing the ADW provider holding the account to place wagers on the account owner's behalf." California Business and Professions Code § 19604 (a)(1).

19. California Business and Professions Code § 19595 provides that: "[a]ny form of wagering or betting on the result of a horse race other than that permitted by this chapter is illegal." Thus, under California law, only licensed racing associations and licensed ADW providers are authorized to accept wagers from persons residing in California or, as it relates to wagers on California race tracks, from persons residing

Case 2:21-cv-08303-MCS-KK   Document 2   Filed 10/20/21   Page 6 of 14   Page ID #:9

outside California in states where it is legal to place wagers on horse races.  In 2020, legal mobile and internet advance deposit wagers placed by California residents with licensed ADW providers surpassed $1 billion.

20. Defendants US Racing and BUSR are not licensed or otherwise authorized by the CHRB to accept wagers from persons residing in California (whether said wagers be placed on wagers for races at Santa Anita Park, Golden Gate Fields, or any other race track) and all such wagers placed through BUSR's on-line platform for horse races, including horse races occurring at Santa Anita Park and Golden Gate Fields, are illegal.

## Statutory Deductions From the Handle

21. Parimutuel betting is a form of wagering in which all bets are placed in a pool which is subsequently divided among the winning bettors after deducting taxes and other fees pursuant to California law.

22. The total amount wagered in each parimutuel pool is referred to as the "handle."

23. CHRB support costs, purses, track commissions, and other distributions are generated from a portion of the handle referred to as the "takeout."  The takeout is authorized by law and set by the applicable racing association as a percent of each dollar wagered to be deducted from all wagers prior to paying bettors.

24. For wagers made by California residents on races outside of California, a commission (called a "host fee") is paid to the out-of-sate host (i.e. the entity conducting the out-of-state horse races).  The commission is negotiated by the California track or California ADW licensee with each track outside of California.

25. California law requires a portion of the takeout from races occurring in California (and from wagers placed by California residents on races conducted outside of California) to be paid to various agencies of the State of California including, but not limited to, taxing authorities, the Center of Equine Health, the California Animal Health and Food Safety Laboratory, and the School of Veterinary Medicine, UC Davis.

6
COMPLAINT

26. In addition to collecting fees based on on-track wagers, California law mandates a percentage of the ADW handle be deducted to pay: (1) a retirement fund for "backstretch" personnel and a welfare fund for the benefit of horseman and backstretch personnel; (2) the California Department of Industrial Relations to cover costs associated with trainer audits; and (3) hub fees paid to California licensed ADW providers.

27. In general, once state license fees, local taxes, equine research, and other mandated amounts have been deducted from the takeout, the remaining funds are divided in a prescribed manner between purses, track commissions and host fees.

28. By avoiding the statutory takeout deductions, Defendants' operation of US Racing.com and BUSR.ag to accept illegal wagers wrongfully deprives various agencies of the State of California, taxing authorities, the Center of Equine Health, the California Animal Health and Food Safety Laboratory, and the School of Veterinary Medicine, UC Davis of mandated fees and deprives Plaintiffs of valuable purse funds, host fees and/or track commissions.

29. Defendants' failure to pay the statutorily mandated takeout deductions as well as host fees and/or commissions increases Defendants net revenue thereby allowing them to offer rebates and other financial incentives to individuals who place illegal bets through Defendants' net revenue thereby allowing them to offer rebates and give other financial incentives to individual who place illegal bets through Defendants' websites in order to gain an unfair competitive advantage over Plaintiffs and over the licensed ADW providers operating in California (which licensed ADW providers pay a portion of their revenues to Plaintiffs pursuant to the takeout structure described above).

## FIRST CLAIM FOR RELIEF

**(Violation of the *Interstate Horseracing Act*, 15 U.S.C. § 3001, *et seq.*)**

30. Plaintiff incorporate paragraphs 1 through 29 above, as though fully set forth herein.

31. Defendants accept interstate off-track wagers on horse races run at Plaintiffs' tracks that do not comply with the IHA or applicable California law. Among other reasons for the non-compliance, Defendants do not have the consent of the Plaintiffs as required by the IHA and California law. Plaintiffs grant consent under the IHA and California law only to operators who agree to pay Plaintiffs compensation for accepting wagers on horse races conducted by Plaintiffs.

32. Plaintiffs do not receive any compensation from the wagers on Plaintiffs' tracks or California-resident wagers placed through the www.busr.ag website. Therefore, the acts and omissions of Defendants have caused, and will continue to cause, damage to Plaintiffs by depriving them of the compensation to which they would otherwise be entitled to under state and Federal law

33. 15 U.S.C. §3005 sets the damages recoverable by Plaintiff for Defendants' violations of the IHA. Section 3005 provides in pertinent part:

> Any person accepting any interstate off-track wager in violation of this act shall be civilly liable for damages to the host state, the host racing association and the horsemen's group. Damages for each violation shall be based on the total of off-track wagers as follows:
>     (1) If the interstate off-track wager was of a type accepted at the host racing association, damages shall be in an amount equal to that portion of the takeout which would have been distributed to the host State, host racing association and the horsemen's group, as if each such interstate off-track wager had been placed at the host racing association.
>     (2) If such interstate off-track wager was of type not accepted at the host racing association, the amount of damages shall be determined at the rate of takeout prevailing at the off-track betting system for that type of wager and shall be distributed according to the same formulas as in paragraph (1) above.

34. 15 U.S.C. § 3006 further provides that host racing associations, like Plaintiffs, may commence a civil action against any person in violation of the IHA, for both injunctive relief and damages.

35. As a direct and proximate result of the acts and omissions of Defendants, Plaintiffs are entitled to injunctive relief preventing Defendants from accepting illegal wagers on horse races taking place in California, including horse races occurring at

8
COMPLAINT

Santa Anita Park and Golden Gate Fields, plus an award of damages in an amount determined at trial.

36. As a further direct and proximate result of the acts and omissions of Defendants, Plaintiffs are entitled to injunctive relief preventing Defendants from accepting illegal wagers from California residents on horse races outside of California plus an award of damages in an amount determined at trial.

## SECOND CLAIM FOR RELIEF

**(Violation of the Racketeer Influenced and Corrupt Organizations Act)**

37. Plaintiffs incorporate paragraphs 1 through 36 above, as though fully set forth herein.

38. Defendants are part of an illegal horse race betting enterprise engaged in, and whose activities affect, interstate commerce.

39. Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity ("any act which is indictable under . . . section 1084 (relating to the transmission of gambling information), section 1343 (relating to wire fraud)") and for the unlawful purpose of intentionally defrauding Plaintiff. Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c). Including the specific instances illustrated and mentioned above, specifically by accepting illegal wagers via the internet on races taking place in California, including horse races occurring at Santa Anita Park and Golden Gate Fields and further, by accepting illegal wagers from California residents on horse races outside of California.

40. Specifically, and in furtherance of their ongoing illegal and fraudulent scheme, Defendants, and each of them, submitted or caused to be submitted, via interstate telephone wires, and through the internet, fraudulent information affecting assets owned or serviced by Plaintiffs.

41. Pursuant to and in furtherance of their fraudulent scheme, Defendants

committed multiple related acts of illegal gambling (18 U.S.C. § 1084) and wire fraud (18 U.S.C. § 1343), as illustrated above.

42. The fraudulent acts of Defendants set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

43. This pattern is continuous and ongoing as described above.

44. As a direct and proximate result of these racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property.

45. Pursuant to 18 U.S.C § 1964(c), Plaintiffs are entitled to a monetary award of damages to be determined at trial, a monetary award of treble damages to be determined at trial, and their attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (Theft – Cal. Penal Code §496)

46. Plaintiffs incorporate paragraphs 1 through 45 above, as though fully set forth herein.

47. California Penal Code § 496(a) provides that, "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in state prison, or in county jail for not more than one year."

48. Defendants are guilty of one or more violations of California Penal Code § 496(a), in that each of them accepted illegal wagers on horse races taking place in California, including horse races occurring at Santa Anita Park and Golden Gate Fields, in violation of California law and the IHA. In addition, Defendants also accepted illegal wagers from California residents on races outside of California. In doing so, Defendants avoided complying with California law as it relates to the distribution of takeout and deprived Plaintiffs of purse funds, host fees and/or commissions.

49. Pursuant to California Penal Code § 496(c), Defendants' actions entitle Plaintiffs to recover three (3) times the amount of actual damages sustained by Plaintiffs due to Defendants' actions, plus costs of suit and reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200)

50. Plaintiffs incorporate paragraphs 1 through 49 above, as though fully set forth herein.

51. Defendants have used illegal and improper means to avoid paying the mandatory takeout percentage in connection with wagers placed for horse races occurring in California including those taking place at Santa Anita Park and Golden Gate Fields operated by Plaintiffs, as well as wagers placed by California residents on races conducted outside of California. As a proximate result of Defendants' actions, Defendants have diverted and taken away, or are attempting to divert and take away, Plaintiffs' business.

52. By virtue of Defendants' acts and omissions, Defendants have engaged in fraudulent, unlawful, and unfair conduct that constitutes unfair competition within the meaning of California Business and Professions Code § 17200, thereby entitling Plaintiffs to injunctive and restitutionary relief as provided by California Business and Professions Code § 17203.

53. The aforementioned acts of Defendants were willful, oppressive, and malicious, in that Defendants acted with the deliberate intent to injure Plaintiffs' business. Plaintiffs are therefore entitled to payment of damages in a sum sufficient to punish Defendants and to set an example and deter such conduct in the future.

54. As a direct and foreseeable result of Defendants' violation of California Business and Professions Code § 17200, Plaintiffs have suffered and will continue to suffer substantial irreparable harm, including but not limited to the harm caused by accepting illegal wagers on horse races taking place in California, including horse races occurring at Santa Anita Park and Golden Gate Fields, and on horse races outside of

California from California residents with the intent to injure Plaintiffs' business.

55. Plaintiffs are entitled to an injunction, preventing Defendants from accepting illegal wagers on horse races taking place in California and wagers placed by California residents on horse races outside California.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

56. Plaintiffs incorporates paragraphs 1 through 55 above, as though fully set forth herein.

57. Defendants' acceptance of wagers on horse races taking place in California (including horse races occurring at Santa Anita Park and Golden Gate Fields) and on horse races outside of California from California residents is, and at all times mentioned herein was, illegal under California law and the IHA.

58. Defendants knew or should have known that Plaintiffs were entitled to the payment of purse funds, host fees and/or commissions for all wagers placed on horse races occurring at Santa Anita Park and Golden Gate Fields and from wagers placed by California residents on horse races outside California.

59. Defendants have been unjustly enriched by their receipt of wagers on horse races occurring in California, including horse races occurring at Santa Anita Park and Golden Gate Fields, and by their acceptance of wagers placed by California residents on horse races outside California in that they did not pay purse funds, host fees and/or commissions otherwise due to Plaintiffs and the retention of these fees and/or commissions was inequitable.

WHEREFORE, Plaintiffs pray for judgment against all Defendants, as to all causes of action, as follows:

1. For damages with interest thereon in an amount to be proven at the time of trial;

2. For a permanent injunction barring Defendants from accepting wagers on horse races occurring in California, including horse races occurring at Santa Anita Park

and Golden Gate Fields;

3. For a permanent injunction barring Defendants from accepting wagers from California residents on horse races occurring outside California

3. An award of treble damages from Defendants;

4. For costs of suit incurred herein, including reasonable attorneys' fees according to proof when provided by statute or agreement; and

5. For such other and further relief as the Court deems just and proper.

DATED: October 20, 2021          HALL GRIFFIN LLP

By: _____/s/ George L. Hampton IV_____
George L. Hampton IV
Attorneys for Plaintiffs LOS ANGELES TURF CLUB, INCORPORATED and PACIFIC RACING ASSOCIATION

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: October 20, 2021     HALL GRIFFIN LLP

By: _____*/s/ George L. Hampton IV*_____
George L. Hampton IV
Attorneys for LOS ANGELES TURF CLUB, INCORPORATED and PACIFIC RACING ASSOCIATION